IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**RYAN ZAMBITO**
*On Behalf of Himself and*
*All Others Similarly situated*

    **Plaintiff,**                              CASE NO.:  8:21-cv-2223

v.

**GOVERNMENT EMPLOYEES**
**INSURANCE COMPANY**
**D/B/A GEICO**

    **Defendant.**
_____/

## CLASS ACTION AND COLLECTIVE ACTION COMPLAINT

Plaintiff Ryan Zambito ("Plaintiff"), individually and on behalf of all similarly situated employees, brings this Class and Collective action lawsuit against Government Employees Insurance Company d/b/a GEICO (collectively "GEICO"), seeking to recover for Defendant's violations of the Fair Labor Standards Act, 29 U.S.C. § 201, et. seq. (the "FLSA") for non-payment of overtime compensation and non-payment of at least a minimum wage for all hours worked, and for unpaid wages at the regular rate pursuant to section 95.11(3)(k)(p) Florida Statutes. Plaintiff, on behalf of himself and all others similarly situated, alleges as follows:

## PARTIES AND JURISDICTION

1. Plaintiff is a resident of Tampa, Florida.

2. By acting as the named Plaintiff in this action, Plaintiff hereby consents in the writing of the heading of this Complaint to act as a Class Action Class Representative and participates as a Plaintiff in an FLSA Collective Action.

3. GEICO is a corporation formed under the laws of the State of Nebraska.

4. At all times relevant to this action, GEICO has maintained a principal place of business in Lakeland, Florida.

5. At all times relevant to this action, GEICO has operated substantially and continuously throughout Florida, and in each of the fifty (50) States of the United States.

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 because this action involves a federal question under the FLSA and confers supplemental jurisdiction over alleged common and interrelated state law claims seeking recovery of unpaid wages and damages under Florida law.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

8. GEICO is an enterprise engaged in commerce under the FLSA because material hereto it had an annual gross volume of sales more than $500,000.00.

9. At all times relevant, GEICO was Plaintiff's employer and the employer of all other similarly situated Region 6 Automobile and/or Residential Damage Adjusters I and/or II (hereinafter, "Region 6 Adjusters") as defined by the FLSA.

## FACTS

10. During the relevant period of at least September 2018 through the present ("the relevant period"), Plaintiff has been employed by GEICO as a Region 6 Adjuster.

11. During the relevant period, Plaintiff primarily performed his work duties within the state of Florida.

12. During the relevant period, Plaintiff typically and customarily performed compensable job duties for the benefit of GEICO Monday through Friday, from about 8:00 AM until about 5:30 PM - 6:30 PM, and as needed, later in the evening and on weekends.

13. During the relevant period, Plaintiff did not cease performing his compensable work duties for the benefit of GEICO during workdays for a 45- minute meal period, or a bona fide meal period of any significant length.

14. During the relevant period, GEICO paid Plaintiff a flat weekly salary or at an hourly rate designed and intended to compensate Plaintiff for 7.75 hours per day or 38.75 hours per week (8:00 AM- 4:30 PM, with no wages paid for a 45-minute meal period= 7.75 hours per day)* 5 days per week= 38.75 hours per week).

15. During the relevant period, GEICO directed Plaintiff and other similarly situated Region 6 Adjusters to enter 7.75 hours of compensable time per day on employee time records to ensure overtime and, by extension, time-and-one-half overtime wages would not be due and owing to non-exempt employees like Plaintiff and other similarly situated Region 6 Adjusters.

16. Through GEICO company-wide policies and business practices, carried out through intimidation tactics and implied adverse employment consequences, GEICO successfully pressured Plaintiff and other similarly situated Region 6 Adjusters to customarily enter 7.75 hours of compensable time per day notwithstanding that Plaintiff and other similarly situated Region 6 Adjusters regularly and customarily worked more between 8-10 hours per day and, by extension, about 40-50 hours per week.

17. Through GEICO company-wide policies and business practices, GEICO instructed the supervisors for Plaintiff and other similarly situated Region 6 Adjusters to inform Plaintiff and other similarly situated Region 6 Adjusters that 7.75 hours per day was sufficient if Plaintiff and other similarly situated Region 6 Adjusters were working hard and doing their job. This policy and strategy resulted in the logical conclusion that if Plaintiff or any other similarly situated Region 6 Adjuster advised supervisors they worked *more* than eight (8) hours in a day, the additional working hours evinced poor work performance. Thus, GEICO created a

company and class-wide policy and practice, reinforced by supervisors and GEICO company culture, that it was better for Plaintiff and other similarly situated Region 6 Adjusters' careers to stay quiet and allow GEICO to steal their hours/wages rather than speak up, complain about additional compensable work hours, and risk a poor workplace reputation, negative performance reviews, and risk additional negative workplace consequences.

18. At all times relevant, GEICO had actual knowledge of employee complaints including Plaintiff's complaints, text messages, emails, internal employee chat or messaging programs, and other employee monitoring systems that GEICO's time sheet system and the content thereof did not accurately reflect the actual work suffered and/or performed, and that Plaintiff and other similarly situated Region 6 Adjusters regularly and customarily worked *more* than eight (8) hours per day and *more* than forty (40) hours per week.

19. At all times relevant to this action, GEICO had actual or constructive knowledge and otherwise suffered or permitted Plaintiff and other similarly situated Region 6 Adjusters to perform compensable work duties over eight (8) hours per day and more than forty (40) hours per week.

20. On some occasions, GEICO approved Plaintiff and/or other similarly situated Region 6 Adjusters compensable work exceeding 7.75 hours per day and/or

40 hours per week. These instances, customarily, occurred when GEICO directed Plaintiff or other similarly situated Region 6 Adjusters to service additional GEICO customers. In these instances, GEICO paid Plaintiff and/or other similarly situated Region 6 Adjusters for some, but not all compensable hours worked.

21. At all times relevant, GEICO had actual knowledge that it was obligated under the FLSA to track and record Plaintiff and other similarly situated Region 6 Adjusters compensable hours accurately and with precision.

22. At all times relevant, GEICO had actual knowledge that its failure to track and record Plaintiff and other similarly situated Region 6 Adjusters compensable hours accurately and/or with precision was in direct violation of GEICO's FLSA record keeping requirements.

23. At all times relevant, GEICO had actual knowledge it was obligated to pay Plaintiff and other similarly situated Region 6 Adjusters all wages due and owing for all hours Plaintiff and other similarly situated Region 6 Adjusters worked each week and pay Plaintiff and other similarly situated Region 6 Adjusters overtime wages at the time-and-one-half rate for overtime Plaintiff and other similarly situated Region 6 Adjusters worked over forty (40) hours each week.

24. At all times relevant, GEICO had actual knowledge that its failure to pay Plaintiff and other similarly situated Region 6 Adjusters all wages due and

owing for all hours Plaintiff and other similarly situated Region 6 Adjusters worked each week and its failure to pay Plaintiff and other similarly situated Region 6 Adjusters overtime wages at the time-and-one-half rate for overtime Plaintiff and other similarly situated Region 6 Adjusters worked over forty (40) hours each week was in direct violation of GEICO's FLSA wage payment obligations.

## COLLECTIVE ACTION ALLEGATIONS

25. Plaintiff brings his Count for violations of the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), on behalf of himself and all similarly situated employees.

26. Similarly situated employees, for purposes of the FLSA collective action claims, include Region 6 Adjusters who work or have worked for GEICO as Region 6 Adjusters performing compensable work duties for GEICO's benefit in Florida at any time within the three (3) year period prior to joining this lawsuit under 29 U.S.C. § 216(b), who were (i) paid by GEICO on an hourly basis and (ii) were not paid by GEICO at the time-and-one-half rate owed for all overtime worked over forty (40) hours per week as required by the FLSA time-and-one-half overtime compensation mandate.

27. Pursuit of this action collectively will provide the most efficient mechanism for adjudicating the claims of the Plaintiff and the Class Plaintiffs.

28. Plaintiff requests he be permitted to serve as representative of those who consent to participate in this action, and that this action be conditionally certified as a collective action pursuant to 29 U.S.C. § 216(b).

29. Proposed sub-class for unpaid wages due and owing in accordance with section 95.11(3)(k)(p) Florida Statutes: All Region 6 Adjusters who work or have worked for GEICO as Region 6 Adjusters performing compensable work duties for GEICO's benefit in Florida at any time within the four (4) year period prior to the filing of this lawsuit who (i) were not paid all wages due and owing for work duties performed as a result of GEICO's class-wide payroll practice of shaving shift minutes and/or hours worked exceeding 7.75 per shift and/or (ii) who were subject to GEICO's payroll policies and practices denying payment of wages for all hours worked each week.

30. Numerosity: The proposed class is so numerous that the joinder of all such persons is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. While the exact number of Class Plaintiffs is unknown to the Plaintiff at this time, upon information and belief, each Sub-Class comprises at least fifty (50) Region 6 Adjusters.

31. Common questions Predominate: There is a well-defined commonality of interest in the questions of law and fact involving and affecting the proposed class, and these common questions of law and fact predominate over any questions

affecting members of the proposed class individually, in that Plaintiff and all Class Plaintiffs have been harmed by GEICO's common and class-wide payroll practices of (i) shaving compensable work hours exceeding 7.75 hours per shift and/or (ii) denying payment of all wages earned and contractually and/or equitably due and owing for all hours compensable hours worked each week.

32. Typicality: The claims of the Plaintiff are typical of the claims of the Class Plaintiffs and the relief sought by the Plaintiff is typical of the relief which would be sought by each of the Class Members in separate actions.

33. All Class Plaintiffs were subject to the same common and class-wide unlawful compensation practices perpetrated by GEICO, as alleged herein.

34. GEICO's common and class-wide unlawful compensation policies and practices affected and caused damages to the Plaintiff and all Class Plaintiffs similarly.

35. Plaintiff and the Class Plaintiffs sustained similar losses, injuries, and damages arising from the same unlawful and class-wide payroll policies and practice perpetrated by GEICO.

36. Adequacy of Representation: Plaintiff, individually and collectively, can fairly and adequately protect the interests of all members of the proposed class,

and there are no known conflicts of interest between any of the Plaintiff and any of the Class Plaintiffs.

37. Plaintiff has retained counsel who is experienced and competent in both wage and hour law and complex class action litigation.

38. Superiority: A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class Plaintiffs is impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class Plaintiffs may be small for some in the sense pertinent to the class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class Plaintiffs to redress the wrongs done to them.

39. Further, important public interests will be served by addressing the matter as a class action. The cost to the court system and the public for the adjudication of individual litigation and claims would be substantially greater than if the claims are treated as a class action. Prosecution of separate actions by individual members of the proposed class would create a risk of inconsistent and/or

varying adjudications with respect to the individual members of the class, establishing incompatible standards of conduct for GEICO, and resulting in the impairment of Class Plaintiffs' rights and the disposition of their interests through actions to which they are not parties. The issue in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can and is empowered to fashion methods to efficiently manage this action as a class action.

40. Public Policy Considerations: GEICO violated wage payment laws and contractual wage payment obligations. Just as current employees are often afraid to assert their rights out of fear of direct or indirect retaliation, former employees may also be fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class action lawsuits provide Class Plaintiffs who are not named in the Complaint a degree of anonymity, which allows for vindication of their rights while eliminating or reducing these risks.

**COUNT I**
**VIOLATION OF THE FLSA OVERTIME COMPENSATION MANDATE**

41. Plaintiff incorporates by reference all preceding paragraphs as if the same were repeated here verbatim.

42. Pursuant to the FLSA, employers must pay non-exempt employees such as Plaintiff and the Class Plaintiffs at the rate of one-and-one-half times (1.5x) their regular hourly rate for all overtime worked over 40 hours per week.

43. As set forth above, GEICO failed to pay Plaintiff and the Class Plaintiffs at the FLSA required rate of one-and-one-half times (1.5x) their regular hourly rate for all overtime Plaintiff and the Class Plaintiffs worked over 40 hours per week.

44. GEICO had actual knowledge that its failure to pay Plaintiff and the Class Plaintiffs at the FLSA required rate of one-and-one-half times (1.5x) their regular hourly rate for all overtime worked over 40 hours per week was in direct violation of Plaintiff and the Class Plaintiffs' FLSA overtime compensation rights.

45. The foregoing conduct, as alleged above, constitutes willful violations of the FLSA which permits the recovery of unpaid overtime wages for up to three (3) years, rather than two (2) years.

46. Plaintiff and the Class Plaintiffs seek to recover from GEICO of the following damages:

    a. Unpaid wages due and owing for compensable overtime work duties performed over forty (40) hours per week;

    b. Statutory liquidated damages;

    c. Attorneys' fees and costs; and

    d. All other legal and equitable relief as the Court deems just and proper.

## COUNT II
## UNPAID WAGES
### Section 95.11(3)(k)(p) Florida Statutes

47. Plaintiff re-alleges and reasserts each allegation set forth in the paragraphs above as if each were set forth herein.

48. At all relevant times, GEICO have employed and/or continue to employ Plaintiff and all similarly situated Region 6 Adjusters within the meaning of the Florida Statutes.

49. Pursuant to section 95.11(3)(k)(p) Florida Statutes, Plaintiff and all other similarly situated Region 6 Adjusters were entitled to receive all compensation due to them on their regular payday.

50. As a result of GEICO's unlawful policies, Plaintiff and all other similarly situated Region 6 Adjusters have been deprived of compensation due and owing.

51. Plaintiff and the Class Plaintiffs seek to recover from GEICO of the following damages:

    a.    Unpaid wages due and owing for compensable work duties performed within forty (40) hours per week, and beyond forty (40) hours per week;

    b.    Liquidated damages;

    c.    Attorneys' fees and costs pursuant to section 448.08, Florida Statutes; and

    d.    All other legal and equitable relief as the Court deems just and proper.

## RELIEF SOUGHT

WHEREFORE, Plaintiff, and all those similarly situated Region 6 Adjusters, collectively pray that this Honorable Court:

1. Issue an Order certifying this action as a collective action under the FLSA, and designate Plaintiff as the representative of all those similarly situated under the FLSA collective action;

2. Issue an Order certifying this action as a class action under the unpaid wages subclass pursuant to section 95.11(3)(k)(p) Florida Statutes, and designate Plaintiff as the representatives on behalf of all those similarly situated;

3. Award Plaintiff and all those similarly situated Class Plaintiffs actual damages in the amount of all wages found due to Plaintiff and those similarly situated Class Plaintiffs and an award of liquidated damages.

4. Award Plaintiff and all those similarly situated Class Plaintiffs pre- and post-judgment interest at the statutory rate;

5. Award Plaintiff and all those similarly situated Class Plaintiffs attorneys' fees, costs, and disbursements; and

6. Award Plaintiff and all those similarly situated Class Plaintiffs further legal and/or equitable relief as this Court deems necessary, just and proper.

## JURY DEMAND

Plaintiff requests a jury trial on all issues so triable.

Dated: September 20, 2021

Respectfully submitted,

FERNEE KELLY LAW

s/ *Charlotte Fernee Kelly*
Charlotte Fernée Kelly, Esq.
FBN: 0090105
Fernee Kelly Law
1228 E 7th Ave, #200
Tampa, FL 33605
Tel: (813) 315-3981
charlotte@ferneekellylaw.com