## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**RYAN ZAMBITO**

**And**

**ROBERT MCDANIEL**

*On Behalf of Themselves  and*
*All Others Similarly situated*

     **Plaintiffs,**                       **CASE NO.:  8:21-cv-02223**

**v.**

**GOVERNMENT EMPLOYEES**
**INSURANCE COMPANY**
**D/B/A GEICO**

     **Defendant.**
**_____/**

### FIRST AMENDED CLASS ACTION AND COLLECTIVE ACTION
### COMPLAINT

Plaintiffs Ryan Zambito ("Zambito") and Robert McDaniel ("McDaniel") (together, "Plaintiffs"), individually and on behalf of all similarly situated employees, bring this Class and Collective action lawsuit against Government Employees Insurance Company d/b/a GEICO (collectively "GEICO" or "Defendant"), seeking to recover for Defendant's violations of the Fair Labor

Standards Act, 29 U.S.C. § 201, et. seq. (the "FLSA") for non-payment of overtime compensation and non-payment of at least a minimum wage for all hours worked, and for unpaid wages at the regular rate pursuant to section 95.11(3)(k)(p),(4)(c)Florida Statutes. Plaintiffs, on behalf of themselves  and all others similarly situated, allege as follows:

## PARTIES AND JURISDICTION

1.      Zambito is a resident of Tampa, Florida.

2.      McDaniel is a resident of Vero Beach, Florida.

3.      By acting as the named Plaintiffs in this action, each Plaintiff hereby consents in the writing of the heading of this Complaint to act as a Class Action Class Representative and participates as plaintiffs in an FLSA Collective Action.

4.      GEICO is a corporation formed under the laws of the State of Nebraska.

5.      At all times relevant to this action, GEICO has maintained a principal place of business in Lakeland, Florida.

6.      At all times relevant to this action, GEICO has operated substantially and continuously throughout Florida, and in each of the fifty (50) States of the United States.

7.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331

because this action involves a federal question under the FLSA and confers supplemental jurisdiction over alleged common and interrelated state law claims seeking recovery of unpaid wages and damages under Florida law.

8.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

9.    GEICO is an enterprise engaged in commerce under the FLSA because material hereto it had an annual gross volume of sales more than $500,000.00.

10.   At all times relevant, GEICO was Plaintiffs' employer and the employer of all other similarly situated Region 6 Automobile and/or Residential and/or Catastrophic Adjusters I and/or II and/or III (hereinafter, "Region 6 Adjusters") as defined by the FLSA and Florida law.

**FACTS**

11.   During the relevant period of at least September 2016 through the present ("the relevant period"), Plaintiffs were or have been  employed by GEICO as Region 6 Adjusters.

12.   During the relevant period, Plaintiffs primarily performed their  work duties for the benefit of GEICO and its customers within the state of Florida.

13.   During the relevant period, Plaintiffs typically and customarily performed compensable job duties for the benefit of GEICO Monday through Friday, from about 8:00 AM until about 5:30 PM - 6:30 PM, and as needed, later in the evening and on weekends.

14.    During the relevant period, Plaintiffs did not cease performing their compensable work duties for the benefit of GEICO during workdays for a 45- minute meal period, or a bona fide meal period of any significant length.

15.    During the relevant period, GEICO paid Plaintiffs a flat weekly salary or at an hourly rate designed and intended to compensate Plaintiffs for only 7.75 hours per day or only 38.75 hours per week (8:00 AM- 4:30 PM, with no wages paid for a 45-minute meal period= 7.75 hours per day) * 5 days per week= 38.75 hours per week).

16.    During the relevant period, GEICO directed Plaintiffs and other similarly situated Region 6 Adjusters to enter 7.75 hours of compensable time per day on employee time records to ensure overtime and, by extension, time-and-one-half overtime wages would not be due and owing to non-exempt employees like Plaintiffs and other similarly situated Region 6 Adjusters.

17.    Through GEICO company-wide policies and business practices, carried out through intimidation tactics and implied adverse employment consequences, GEICO successfully pressured Plaintiffs and other similarly situated Region 6 Adjusters to customarily enter 7.75 hours of compensable time per day notwithstanding that Plaintiff and other similarly situated Region 6 Adjusters

regularly and customarily worked more between 8-10 hours per day and, by extension, about 40-50 hours per week.

18.    Through GEICO company-wide policies and business practices, GEICO instructed the supervisors for Plaintiffs and other similarly situated Region 6 Adjusters to inform Plaintiffs and other similarly situated Region 6 Adjusters that 7.75 hours per day was sufficient if Plaintiffs and other similarly situated Region 6 Adjusters were working hard and doing their job. This policy and strategy resulted in the logical conclusion that if Plaintiffs or any other similarly situated Region 6 Adjuster advised supervisors they worked *more* than eight (8) hours in a day, the additional working hours evinced poor work performance. Thus, GEICO created a company and class-wide policy and practice, reinforced by supervisors and GEICO company culture, that it was better for Plaintiffs and other similarly situated Region 6 Adjusters' careers to stay quiet and allow GEICO to steal their hours/wages rather than speak up, complain about additional compensable work hours, and risk a poor workplace reputation, negative performance reviews, and risk additional negative workplace consequences.

19.    At all times relevant, GEICO had actual knowledge of employee complaints including Plaintiffs and other Region 6 Adjusters' complaints, text messages, emails, internal employee chat or messaging programs, and other employee monitoring systems that GEICO's time sheet system and the content

thereof did not accurately reflect the actual work suffered and/or performed, and that Plaintiffs and other similarly situated Region 6 Adjusters regularly and customarily worked *more* than eight (8) hours per day and *more* than forty (40) hours per week.

20.     At all times relevant to this action, GEICO had actual or constructive knowledge and otherwise suffered or permitted Plaintiffs and other similarly situated Region 6 Adjusters to perform compensable work duties over eight (8) hours per day and more than forty (40) hours per week.

21.     On some occasions, GEICO approved Plaintiffs and/or other similarly situated Region 6 Adjusters compensable work exceeding 7.75 hours per day and/or 40 hours per week. These instances, customarily, occurred when GEICO directed Plaintiffs or other similarly situated Region 6 Adjusters to service additional GEICO customers.  In these instances, GEICO paid Plaintiffs and/or other similarly situated Region 6 Adjusters for some, but not all compensable hours worked.

22.     At all times relevant, GEICO had actual knowledge that it was obligated under the FLSA and Florida law to track and record Plaintiffs and other similarly situated Region 6 Adjusters' compensable hours accurately and with precision.

23.     At all times relevant, GEICO had actual knowledge that its failure to track and record Plaintiffs and other similarly situated Region 6 Adjusters'

compensable hours accurately and/or with precision was in direct violation of GEICO's FLSA and Florida record keeping requirements.

24.     At all times relevant, GEICO had actual knowledge it was obligated to pay Plaintiffs and other similarly situated Region 6 Adjusters all wages due and owing for all hours Plaintiffs and other similarly situated Region 6 Adjusters worked each week and pay Plaintiffs and other similarly situated Region 6 Adjusters' overtime wages at the time-and-one-half rate for overtime Plaintiffs and other similarly situated Region 6 Adjusters worked over forty (40) hours each week.

25.     At all times relevant, GEICO had actual knowledge that its failure to pay Plaintiffs and other similarly situated Region 6 Adjusters all wages due and owing for all hours Plaintiffs and other similarly situated Region 6 Adjusters worked each week and its failure to pay Plaintiffs and other similarly situated Region 6 Adjusters overtime wages at the time-and-one-half rate for overtime Plaintiffs and other similarly situated Region 6 Adjusters worked over forty (40) hours each week was in direct violation of GEICO's FLSA wage payment obligations.

## COLLECTIVE ACTION ALLEGATIONS

26.     Plaintiffs brings their Count for violations of the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), on behalf of themselves  and all similarly situated employees.

27.    FLSA Collective Action Class Plaintiffs include all Region 6 Adjusters who work or have worked for GEICO as Region 6 Adjusters performing compensable work duties for GEICO's benefit in Florida at any time within the three (3) year period prior to joining this lawsuit under 29 U.S.C. § 216(b), who (i) were denied wages arising from GEICO's implementation and use of a forty-five (45) minute automatic daily meal break deduction; (ii) performed uncompensated employment duties for the benefit of GEICO that were off-the-clock and not recorded in GEICO's daily 7.75 hour compensable work allowance; and (iii) were not paid by GEICO at the time-and-one-half rate owed for all overtime worked over forty (40) hours per week as required by the FLSA time-and-one-half overtime compensation mandate.

28.    Pursuit of this action collectively will provide the most efficient mechanism for adjudicating the claims of Plaintiffs and the Collective Action Class Plaintiffs.

29.    Plaintiffs request they be permitted to serve as representatives on behalf of those who consent to participate in this action, and that this action be conditionally certified as a collective action pursuant to 29 U.S.C. § 216(b).

## FLORIDA WAGE STATUTES, BREACH OF CONTRACT, QUANTUM MERUIT, AND UNJUST ENRICHMENT CLASS ACTION ALLEGATIONS

30.    Plaintiffs brings their claims for damages under the Florida Wage Statutes, and for breach of contract, quantum meriut, and unjust enrichment against GEICO as a Class Action pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of themselves and all similarly situated Region 6 Adjusters performing compensable work duties within the State of Florida, for relief to redress and remedy GEICO's non-overtime wage withholding violations

31.    Pursuit of this action as a class will provide the most efficient mechanism for adjudicating the claims of Plaintiffs and the Class Plaintiffs.

32.    The proposed class includes those Region 6 Adjusters who work or have worked for GEICO as Region 6 Adjusters performing compensable work duties for GEICO's benefit in Florida at any time within the five (5) year period prior Plaintiffs' filing of this action who were (i) were denied wages arising from GEICO's implementation and use of a forty-five (45) minute automatic daily meal break deduction; (ii) performed compensable unpaid off-the-clock work duties not recorded in GEICO's daily 7.75 hour compensable work allowance; and (iii) who, arising from GEICO's meal break deduction and compensable time recording limitations, were not paid all wages owed by GEICO for all hours worked each week.

33.    The proposed class is so numerous that joinder of all such persons is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

34.    While the exact number of Class Plaintiffs is unknown Plaintiffs at this time, upon information and belief, each the proposed class comprises at least fifty (50) Region 6 Adjusters.

35.    There is a well-defined commonality of interest in the questions of law and fact involving and affecting the proposed class, and these common questions of law and fact predominate over any questions affecting members of the proposed class individually, in that Plaintiffs and all Class Plaintiffs have been harmed by GEICO's common and class-wide payroll practices of (i) automatically deducting a forty (45) minute daily meal period; and (ii) shaving compensable work hours exceeding 7.75 hours per shift, resulting in a common and class wide denial of payment of all wages earned and owing to Plaintiff and all Class Plaintiffs for all compensable hours worked each week.

36.    The claims of Plaintiffs are typical of the claims of the Class Plaintiffs and the relief sought by Plaintiffs is typical of the relief which would be sought by each of the Class Members in separate actions.

37.     All Class Plaintiffs were subject to the same common and class-wide unlawful compensation practices perpetrated by GEICO, as alleged herein.

38.     GEICO's common and class-wide unlawful compensation policies and practices affected and caused damages to Plaintiffs and all Class Plaintiffs similarly.

39.     Plaintiffs and the Class Plaintiffs sustained similar losses, injuries, and damages arising from the same unlawful and class-wide payroll policies and practice perpetrated by GEICO.

40.     Plaintiffs can fairly and adequately protect the interests of all members of the proposed class, and there are no known conflicts of interest between Plaintiffs and any of the Class Plaintiffs.

41.     Plaintiffs have retained counsel who is experienced and competent in both wage and hour law and complex class action litigation.

42.     A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all Class Plaintiffs is impracticable.  Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions engender.  Because the losses, injuries and damages suffered by each of the individual Class Plaintiffs may be small for some in the sense

pertinent to the class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class Plaintiffs to redress the wrongs done to them.

## COUNT I
## VIOLATION OF THE FLSA OVERTIME COMPENSATION MANDATE

43.     Plaintiffs incorporate by reference all preceding paragraphs as if the same were repeated here verbatim.

44.     Pursuant to the FLSA, employers must pay non-exempt employees such as Plaintiffs and the Collective Action Plaintiffs at the rate of one-and-one-half times (1.5x) their regular hourly rate for all overtime worked over 40 hours per week.

45.     As set forth above, GEICO failed to pay Plaintiffs and the  Collective Action Plaintiffs at the FLSA required rate of one-and-one-half times (1.5x) their regular hourly rate for all overtime Plaintiffs and the  Collective Action Plaintiffs worked over 40 hours per week.

46.     GEICO had actual knowledge that its failure to pay Plaintiffs and the Collective Action Plaintiffs at the FLSA required rate of one-and-one-half times (1.5x) their regular hourly rate for all overtime worked over 40 hours per week was in direct violation of Plaintiffs and the Collective Action Plaintiffs' FLSA overtime compensation rights.

47.    The foregoing conduct, as alleged above, constitutes willful violations of the FLSA which permits the recovery of unpaid overtime wages for up to three (3) years, rather than two (2) years.

48.    Plaintiffs and the  Collective Action Plaintiffs seek to recover from GEICO of the following damages:

    a.    Unpaid wages due and owing for compensable overtime work duties performed over forty (40) hours per week;

    b.    Statutory liquidated damages;

    c.    Attorneys' fees and costs; and

    d.    All other legal and equitable relief as the Court deems just and proper.

**COUNT II**
**UNPAID WAGES**
**Section 95.11(3)(k)(p),(4)(c)Florida Statutes**

49.    Plaintiffs re-allege and reassert each allegation set forth in the paragraphs above as if each were set forth herein.

50.    At all relevant times, GEICO have employed and/or continue to employ Plaintiffs and all similarly situated Region 6 Adjusters within the meaning of the Florida Statutes.

51.     Pursuant to section 95.11(3)(k)(p),(4)(c)Florida Statutes, Plaintiffs and all other similarly situated Region 6 Adjusters were entitled to receive all compensation due to them on their regular payday.

52.     As a result of GEICO's unlawful policies, Plaintiffs and all other similarly situated Region 6 Adjusters have been deprived of compensation due and owing.

53.     Plaintiffs and the Class Action Plaintiffs seek to recover from GEICO of the following damages:

      a.     Unpaid wages due and owing for compensable work duties performed within forty (40) hours per week, and beyond forty (40) hours per week;

      b.     Liquidated damages;

      c.     Attorneys' fees and costs pursuant to section 448.08, Florida Statutes; and

      d.     All other legal and equitable relief as the Court deems just and proper.

**COUNT III**
**BREACH OF CONTRACT**

54.     Plaintiffs incorporates by reference all preceding paragraphs as if the same were repeated here verbatim.

55.     Pursuant to the written employment contracts and/or compensation plans entered into between GEICO and Plaintiff and each of the Class Action Plaintiffs, GEICO was contractually obligated to pay Plaintiffs and each of the Class Action Plaintiffs all wages due and owing for all compensable non-overtime work duties performed each week.

56.     As set forth above, GEICO failed to pay Plaintiffs and the Class Action Plaintiffs full and timely payment of all non-overtime wages due and owing for all compensable non-overtime work duties performed by Plaintiffs and the Class Action Plaintiffs.

57.     Plaintiffs and the Class Action Plaintiffs have each suffered lost compensation and damages because of GEICO's failure to pay Plaintiffs and the Class Action Plaintiffs all non-overtime wages and compensation contractually due and owing for worked duties performed by Plaintiffs and the Class Action Plaintiffs.

58.     Plaintiffs and the Class Action Plaintiffs seek to recover from GEICO the following damages:

a.     Unpaid non-overtime wages contractually due and owing for compensable work duties        performed for GEICO's benefit; and

b.     All other legal, contractual, and/or equitable relief as the Court deems just and proper.

## COUNT IV
## QUANTUM MERUIT

59.     Plaintiffs incorporate by reference all preceding paragraphs as if the same were repeated here verbatim.

60.     If it is determined Plaintiffs and/or the Class Action Plaintiffs did not have a binding or valid contract with GEICO regarding the payment of non-overtime wages due to Plaintiffs and the Class Plaintiffs, Plaintiffs and each of the Class Plaintiffs performed compensable work duties for which GEICO was reasonably and equitably obligated to pay Plaintiffs and each of the Class Action Plaintiffs all non-overtime wages due and owing for all compensable non-overtime work duties performed each week.

61.     As set forth above, GEICO failed to pay Plaintiffs and the Class Plaintiffs full and timely payment of all non-overtime wages due and owing for all compensable non-overtime work duties performed by Plaintiffs and the Class Action Plaintiffs that was reasonably and equitably due and owing to Plaintiffs and the Class Action Plaintiffs for compensable non-overtime work duties performed for GEICO's benefit.

62.     Plaintiffs and the Class Action Plaintiffs each suffered lost non-overtime compensation and damages because of GEICO's failure to pay Plaintiffs and the Class Action Plaintiffs all non-overtime wages and compensation reasonably

and equitably due and owing for non-overtime work duties performed for GEICO's benefit.

63.     Plaintiffs and the Class Action Plaintiffs seek to recover from GEICO the following damages:

a.     Unpaid non-overtime wages reasonably and equitably due and owing for compensable non-overtime work duties performed for GEICO's benefit; and

b.     All other legal, contractual, and/or equitable relief as the Court deems just and proper.

**COUNT V**
**UNJUST ENRICHMENT**

64.     Plaintiffs incorporate by reference all preceding paragraphs as if the same were repeated here verbatim.

65.     If it is determined that Plaintiffs and the Class Action Plaintiffs did not have a binding or valid contract with GEICO regarding the payment of non-overtime wages due to Plaintiffs and the Class Plaintiffs, Plaintiffs and the Class Plaintiffs performed non-overtime hours for the benefit of GEICO each week (i) for which GEICO received the benefit of Plaintiff and the Class Action Plaintiffs' non-overtime work hours; (ii) for which GEICO voluntarily accepted the benefit of Plaintiffs and the Class Action Plaintiffs' non-overtime work duties; (iii) for which

GEICO failed to pay Plaintiffs and the Class Action Plaintiffs full compensation for non-overtime work duties performed; and (iv) which the circumstances render GEICO's retention of the benefit of Plaintiffs and the Class Action Plaintiffs' non-overtime work without full payment of compensation as inequitable.

66.     As set forth above, GEICO accepted and benefited from Plaintiffs and the Class Action Plaintiffs' services and non-overtime work duties and failed to make full and timely payment of all non-overtime wages due and owing for all compensable non-overtime work duties performed by Plaintiffs and the Class Action Plaintiffs that was reasonably and equitably due and owing to Plaintiffs and the Class Action Plaintiffs for compensable non-overtime work duties performed for GEICO's benefit.

67.     GEICO has been unjustly enriched and Plaintiffs and the Class Action Plaintiffs each suffered lost non-overtime compensation and damages because of GEICO's failure to pay Plaintiffs and the Class Action Plaintiffs all non-overtime wages and compensation reasonably and equitably due and owing for non-overtime work duties performed for GEICO's benefit.

68.     Plaintiffs and the Class Action Plaintiffs seek to recover from GEICO the following damages:

a.  Unpaid non-overtime wages reasonably and equitably due and owing for compensable non-overtime work duties performed for GEICO's benefit; and

b.  All other legal, contractual, and/or equitable relief as the Court deems just and proper.

## RELIEF SOUGHT

WHEREFORE, Plaintiffs, and all those similarly situated Collective Action / Class Action Plaintiffs, collectively pray that this Honorable Court:

1.  Issue an Order certifying this action as a collective action under the FLSA, and designate Plaintiffs as the representative of all those similarly situated under the FLSA Collective Action;

2.  Issue an Order certifying this action as a Class Action with sub-classes for the Florida Wage Statutes, Breach of Contract, Quantum Meruit, and Unjust Enrichment, and designate Plaintiffs as the representatives on behalf of all those similarly situated under the Florida Wage Statutes, Breach of Contract, Quantum Meruit, and Unjust Enrichment sub-classes;

3.  Award Plaintiffs and all those similarly situated Collective Action and Class Action Plaintiffs actual damages in the amount of all wages or damages found due to Plaintiff and those similarly situated Collective Action Class Action Plaintiffs and an award of liquidated damages as provided by the FLSA and Florida law;

4.      Award Plaintiffs and all those similarly situated Collective Action / Class Action Plaintiffs pre- and post-judgment interest at the statutory rate;

5.      Award Plaintiffs and all those similarly situated Collective Action / Class Action Plaintiffs attorneys' fees, costs, and disbursements; and

6.      Award Plaintiffs and all those similarly situated Collective Action / Class Action Plaintiffs further legal and/or equitable relief as this Court deems necessary, just and proper.

## JURY DEMAND

Plaintiffs request a jury trial on all issues so triable.

Dated: September 27, 2021

Respectfully submitted,

FERNEE KELLY LAW

/s/*Charlotte Fernee Kelly*
Charlotte Fernée Kelly, Esq.
FBN: 0090105
Fernee Kelly Law
1228 E 7th Ave, #200
Tampa, FL 33605
Tel: (813) 315-3981
charlotte@ferneekellylaw.com

DELEGAL & POINDEXTER P.A.

*/s/ Tad Delegal*
T.A. "Tad" Delegal, III, B.C.S.
FL Bar No. 0892701
James C. Poindexter
FL Bar No.  116039
Alexandra E. Underkofler
FL Bar No. 1018209
424 East Monroe Street
Jacksonville, Florida 32202
Phone: (904) 633-5000
Email:  Tad@Delegal.Net
   James@Delegal.Net
   Alex@Delegal.Net


ZIPIN, AMSTER & GREENBERG, LLC

*/s/ Gregg C. Greenberg*
Gregg C. Greenberg, Esq.
(To Be Admitted by Pro Hac Vice)
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
(301) 587-9373 (ph)
Email:  GGreenberg@ZAGFirm.com

*Attorneys for Plaintiffs and the
Class/Collective*

## CERTIFICATE OF SERVICE

   I hereby certify that on September 27, 2021, a true and correct copy of the foregoing was served upon Defendant via U.S. Certified Mail using the address: GEICO Corporate Office, Todd Combs Chief Executive Officer, 3535 West Pipkin Road, Lakeland, FL 33811.

*/s/Charlotte Fernee Kelly*
Charlotte Fernée Kelly, Esq.