# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| RYAN ZAMBITO, et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) Case No. 8:21-cv-02223-MSS-SPF |
| GOVERNMENT EMPLOYEES INSURANCE COMPANY, d/b/a GEICO, | ) ) ) ) ) |
| Defendant. | ) ) ) |

### DEFENDANT GOVERNMENT EMPLOYEES INSURANCE COMPANY'S MOTION TO STAY THE DEADLINE FOR RESPONDING TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION [DKT. 33]

Defendant Government Employees Insurance Company d/b/a GEICO ("GEICO") moves the Court for entry of an order staying GEICO's deadline to respond to Plaintiff Ryan Zambito's Motion for Class Certification (Dkt. 33) until thirty (30) days after submission of a Case Management Report, if needed, because Plaintiff's Motion is premature in light of the Court's FLSA Scheduling Order ("Order," Dkt. 9) and GEICO's request for a Magistrate settlement conference in accordance with that FLSA Scheduling Order (Dkt. 31). In short, there is good cause for a stay.

PD.36408922.1

By filing this Motion, GEICO seeks to focus the parties' efforts on attempting to reach a resolution without the need for protracted litigation and respectfully submits that good cause exists for the relief sought herein, as follows:

## MEMORANDUM OF LAW

### I.     Relevant Background

On September 27, 2021, Plaintiffs Ryan Zambito and Robert McDaniel filed a First Amended Class Action and Collective Action Complaint against GEICO. (Dkt. 4).

On October 1, the Court issued its FLSA Scheduling Order (Dkt. 9), which directed the exchange of specified written discovery, required counsel for the parties to meet following that exchange to discuss settlement, and, following that attorney conference, required the parties to file a Report Regarding Settlement. (Dkt. 9, ¶¶1- 5). The Report Regarding Settlement could include a request from "either party" for a Magistrate settlement conference (among four other options). (Dkt. 9, ¶ 5(4)). GEICO made such a request in the Report Regarding Settlement, though Plaintiff did not join that request. (Dkt. 31, at 3, ¶ 8).

The FLSA Scheduling Order also permitted the parties in their Report Regarding Settlement to state that all settlement efforts had been exhausted and commit to filing immediately a Uniform Case Management Report signed by counsel for all parties. (Dkt. 9, ¶ 5(5)). The parties did not make that statement.

The Order stayed discovery beyond what it had required until the parties file a Case Management Report. (Dkt. 9, ¶ 7).  Additionally, the Order states that it contemplates the potential for resolving a later motion for conditional certification under the FLSA if the procedures it requires do not result in settlement, providing for a limited tolling of the statute of limitations to account for the time spent complying with the Order for anyone who later receives notice. (*Id.*, ¶ 8).  Finally, the Order provided the option to either party to file a motion seeking to adjust the schedule if that party could demonstrate good cause.  (*Id.*, ¶ 11).

The parties have not jointly stated that all settlement efforts are exhausted or filed a Case Management Report.  GEICO's request for a Magistrate settlement conference remains pending, and neither party has filed a motion seeking to adjust the schedule or any aspect of the Order.

On January 5, 2022, Plaintiff filed his motion for conditional certification, requesting notice to allegedly similarly situated current and former employees of GEICO under Section 216(b) of the FLSA to ask them to join the lawsuit. (Dkt. 33). Among Plaintiff's requested relief is that GEICO produce a list of individuals employed in job positions like that of Plaintiff in Florida over the last three years, including their personal contact information.  (*Id.* at 2, ¶ 1).

## II. <u>Argument</u>

The Court should stay GEICO's deadline to respond to Plaintiff's Motion until thirty days after the parties submit a Case Management Order, because the parties are still in the process of pursuing the Court-provided options for seeking resolution as provided in the FLSA Scheduling Order. (Dkt. 9, ¶ 5(4), Dkt. 31). Plaintiff's Motion is premature, as other courts in this district have concluded in circumstances where plaintiffs filed motions for conditional certification before the FLSA Scheduling Order process was completed. *See Fields v. Diamond Resorts Int'l*, No. 6:16-cv-1285, 2016 WL 9223815, at *1 (M.D. Fla. Oct. 3, 2016) (denying motion for conditional certification as premature, pending completion of FLSA Scheduling Order settlement efforts); *cf. Powers v. Brambles Indus.*, No. 6:14-cv-1216 (M.D. Fla. Sept. 21, 2016) (stating that "the FLSA scheduling order expressly contemplates that a ruling on any motion to conditionally certify notice to the putative collective class may occur after the parties have attempted to settle the matter . . .").

Plaintiff may complain that he did not request a Magistrate settlement conference (Dkt. 31), but GEICO availed itself of the option as provided by the Court, and should be allowed the Court-sanctioned opportunity to avoid potential unnecessary litigation and expense in preparing a response to Plaintiff's Motion. The local rules of this Court recognize that responding to motions like Plaintiff's

are resource intensive, as they provide a minimum of twenty-one, instead of fourteen, days to respond.  M.D. L.R. 3.01(c).

Moreover, the FLSA Scheduling Order is fairly read to incent the parties to pursue all efforts at resolution.  The attorney settlement conference must be "thorough," "meaningful," and "calculated to fully resolve the case by agreement."  (Dkt. 9, ¶ 4).  If that does not work, the Court provides options for further direct settlement discussions, a formal mediation, or a unilateral request by one party for a Magistrate settlement conference.  (*Id.*, ¶ 5(2)-(4)).  Even if the parties fail to resolve the case and submit a case management report, the Court continues to admonish them to advise it "immediately" of resolution.  (*Id.*, ¶ 9).  Short-cutting that process to address Plaintiff's premature Motion is in significant tension with the special procedures the Court has put in place for handling FLSA cases.

In addition, a stay is consistent with the Order's goal to promote "the just, speedy, and inexpensive determination" of this action, as the Order is designed to do.  (Dkt. 9, ¶ 1).  "The Court 'has broad discretion to stay proceedings as an incident to its power to control its own docket.'"  *See Chico v. Dunbar Armored, Inc.*, 2017 U.S. Dist. LEXIS 166035, at *3 (S.D. Fla. Oct. 6, 2017).  In deciding whether there is reasonable good cause to warrant a stay, courts may consider "(1) whether the litigation is at an early stage; (2) whether a stay will unduly prejudice or

tactically disadvantage the non-moving party; (3) whether a stay will simplify the issues in question and streamline the trial; and (4) whether a stay will reduce the burden of litigation on the parties and on the court." *Id.* at *4-5.

Here, three of the four factors favor a stay (the third factor neither favors nor disfavors a stay here; it is irrelevant). First, the case is at an early stage, still in the FLSA Scheduling Order pre-Case Management Report process. Second, a stay will not prejudice Plaintiff or any putative opt-in plaintiff, because the Court has provided for tolling of the limitations period of any future opt-ins based on the time spent complying with in its FLSA Scheduling Order. (Dkt. 9, ¶ 8). Third, granting a stay will avoid potential unnecessary litigation costs and expense and keep alive the Court-sanctioned opportunity for resolving this case.

WHEREFORE, Defendant GEICO respectfully requests that the Court stay GEICO's deadline to respond to Plaintiff Ryan Zambito's Motion for Class Certification (Dkt. 33) until thirty (30) days after submission of a Case Management Report, if needed.

In the alternative, should the Court deny GEICO's request for a stay, GEICO requests that the Court grant it thirty (30) days from the date of such order, so that GEICO has adequate time to prepare a response to Plaintiff's Motion and is not prejudiced.

## **LOCAL RULE 3.01(g) CERTIFICATION**

In accordance with Local Rule 3.01(g), GEICO's counsel spoke to Plaintiff's counsel on January 7, 2022, via telephone about the relief sought in this motion. Plaintiff's counsel responded that Plaintiff opposes the relief sought in this motion.

Dated: January 7, 2022                    Respectfully submitted,

*/s/ Reed L. Russell*

Reed L. Russell
Lead Counsel
Florida Bar No. 0184860
**PHELPS DUNBAR LLP**
100 South Ashley Drive, Suite 2000
Tampa, Florida 33602-5315
T: 813-472-7550
F: 813-472-7570
reed.russell@phelps.com

and

Eric Hemmendinger *Pro Hac Vice*)
Teresa D. Teare *(Pro Hac Vice)*
SHAWE & ROSENTHAL LLP
One South Street, Suite 1800
Baltimore, Maryland 21202
T: (410) 752-1040
F: (410) 752-8861
eh@shawe.com
teare@shawe.com

*Attorneys for Defendant Government Employees Insurance Company, Inc. d/b/a GEICO*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 7, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

*/s/ Reed L. Russell*
*Attorney for Defendant*
