## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | | |
|---|---|---|
| RYAN ZAMBITO, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No.  8:21-cv-02223-MSS-SPF |
| | ) | |
| GOVERNMENT EMPLOYEES | ) | |
| INSURANCE COMPANY, | ) | |
| d/b/a GEICO, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DEFENDANT'S MOTION TO DISMISS
## COLLECTIVE AND CLASS ACTION ALLEGATIONS

Pursuant to Federal Rule of Civil Procedure 12(c), Defendant, Government Employees Insurance Company d/b/a GEICO, moves to dismiss Plaintiffs' collective and class action allegations.

GEICO decided to file this Motion after filing its Motion to Stay Plaintiffs' Motion for Notice and Conditional Certification.  (Dkt. 34).  The stay should still be granted for two reasons: (1) if the Court grants this motion, no response to the Motion for Notice and Conditional Certification will be necessary; (2) if the Court denies this motion, the Motion for Notice and Conditional Certification will still be premature, as the parties have not completed the settlement protocol in the FLSA Scheduling Order.

## <u>MEMORANDUM OF LAW</u>

Plaintiffs Ryan Zambito and Robert McDaniel ("Plaintiffs") assert collective action claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, that are identical to the FLSA claims asserted in an earlier-filed putative collective action currently pending in this District, *Delcham v. Government Employees Insurance Company d/b/a/ GEICO,* 6:21-cv-01505 (M.D. Fla.) ("*Delcham*").   In both actions, plaintiffs assert claims for unpaid wages under the FLSA on behalf of current and former Auto Damage Adjusters employed by GEICO in Florida.[1] Plaintiffs in these duplicative actions name the same defendant, GEICO; seek the same FLSA notice to current and former adjusters in Florida for the same time period; and seek the same relief under the FLSA.   The state law claims in this case make no difference because they are based on the exact same factual allegations as the FLSA claims in this case and in *Delcham*, and are generally derivative of those claims.

Allowing Plaintiffs to proceed with their class and collective action allegations while *Delcham* is simultaneously under way serves no useful purpose. It creates a real risk of wasting judicial resources, asking two separate courts in the same District to rule on the same issues.   It also invites disputes over coordinating

---

[1] Auto Damage Adjusters have a number of job titles, such as Combination Auto Damage Adjuster, Resident Adjuster, or Catastrophe Adjuster.

2

collective action certification and notice in each case if certification is granted (which GEICO opposes), and confusion for potential opt-in plaintiffs about their legal options.  Finally, it invites significant conflicts and duplication in discovery in terms of depositions and documents.  As a result, Plaintiffs' collective and class allegations should be dismissed under the first-filed rule and this Court's discretion to manage its docket.

## BACKGROUND

### I.    The First-Filed *Delcham* Action

On September 14, 2021, Harold Delcham filed a putative FLSA collective action against GEICO for allegedly failing to pay Auto Damage Adjusters in Florida for all hours worked.  *Delcham,* 6:21-cv-01505, ECF No. 1 (M.D. Fla. Sept. 14, 2021).  Delcham requests court-authorized notice to Auto Damage Adjusters employed in Florida during the last three years.  Thus far, three additional individuals have filed consents to join Delcham's lawsuit.[2] *Delcham*, 6:21-cv-01505, ECF No. 4 (M.D. Fla. Sept. 15, 2021).

On October 28, 2021, the *Delcham* court issued an FLSA Scheduling Order and the parties are in the process of complying with it.  *Delcham,* 6:21-cv-01505, ECF No. 20 (M.D. Fla. Oct. 28, 2021).   The parties have already exchanged

---

[2] One of the opt-in plaintiffs has since withdrawn his consent to join.  *Delcham,* 6:21-cv-01505, ECF No. 21 (M.D. Fla. Dec. 9, 2021).

documents required by the Scheduling Order and Delcham and the opt-in plaintiffs have responded to the Court's interrogatories. *See Delcham*, 6:21-cv-01505, ECF No. 22 (M.D. Fla. Dec. 9, 2021). The *Delcham* parties have also discussed settlement and a Report Regarding Settlement is due by January 26, 2022. Since the *Delcham* parties have not yet completed the FLSA Scheduling Order process, discovery outside that required by the Scheduling Order is currently stayed and the statute of limitations period for all potential opt-in plaintiffs is tolled. *Delcham,* 6:21-cv-01505, ECF No. 20 (M.D. Fla. Oct. 28, 2021).

## II.    The Instant Duplicative Action

On September 20, 2021, Plaintiffs filed their complaint against GEICO. (Dkt. 1). On September 27, 2021, Plaintiffs filed an amended complaint. (Dkt. 4). Like Delcham, Plaintiffs allege that GEICO failed to pay Auto Damage Adjusters who worked for GEICO in Florida for all hours worked. (Dkt. 4).

Plaintiffs assert collective claims under the FLSA identical to the claims in *Delcham*. In addition, they allege Rule 23 class claims under Florida state law, but with no overtime law in Florida, those claims are derivative or marginal at best and rely on the same fact allegations in any event. (Dkt. 4). Like Delcham, Plaintiffs in this case request court-authorized notice to other GEICO Auto

Damage Adjusters in Florida during the last three years.[3]  (Dkt. 33-1).  Thus far, two individuals have filed consent forms to join this lawsuit, in addition to the two named Plaintiffs.  (Dkt. 10 & 30).  Given the overlapping claims in this case and *Delcham,* GEICO filed a Notice of Pendency of Other Actions in this case identifying *Delcham* as a related case.[4] (Dkt. 22).

On October 1, 2021, this Court issued its FLSA Scheduling Order (Dkt. 9), and, as in *Delcham,* the parties are in the process of complying with it.  They have exchanged documents and Plaintiffs and the opt-in plaintiffs have responded to the Court interrogatories.  (Dkt. 14 & 32).  The parties have discussed settlement and submitted a Joint Status Report Regarding Settlement in which GEICO requested a Magistrate settlement conference.  (Dkt. 31).  The parties have not yet completed the FLSA Scheduling Order Process or submitted a Case Management Report.  Thus, as in *Delcham,* discovery outside that required by the Scheduling Order is currently stayed and the statute of limitations period for all potential opt-in plaintiffs is tolled.  (Dkt. 9).  On January 5, 2022, Plaintiffs filed a Motion for Notice to Potential Plaintiffs and for Conditional Certification.  (Dkt. 33).

---

[3] The Rule 23 class Plaintiffs seek to certify is the same, with the exception that Plaintiffs are requesting that it include adjusters during the period of October 2016 to the present.  (Dkt. 4).

[4] GEICO filed a similar notice in *Delcham* in which it identified this action as a related case. *Delcham,* 6:21-cv-01505, ECF No. 19 (M.D. Fla. Oct. 28, 2021).

# LAW AND ARGUMENT

## I.   Legal Standard - Motion for Judgment on the Pleadings

Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, "[a]fter the pleadings are closed-but early enough not to delay trial - a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c).  A motion for judgment on the pleadings may be granted "when material facts are not in dispute and judgment can be rendered by looking at the substance of the pleadings and any judicially noticed facts." *Bankers Ins. Co. v. Fla. Residential Prop. & Cas. Joint Underwriting Ass'n*, 137 F.3d 1293, 1295 (11th Cir. 1998) (citations omitted).  In other words, a Rule 12(c) motion "is subject to the same standard as a motion to dismiss under Rule 12(b)(6)." *Hogan v. Provident Life & Accident Ins. Co.*, No. 6:08-cv-1897, 2009 U.S. Dist. LEXIS 61630, at *7-9 (M.D. Fla. July 20, 2009).

## II.   Legal Standard – First-Filed Rule

The first-filed rule provides that when parties file parallel suits in separate courts, "the court initially seized of the controversy should hear the case." *Coll. Licensing Co. v. Am. Cas. Co. of Reading, Pa.*, 713 F.3d 71, 78 (11th Cir. 2013). Application of the first-filed rule promotes "wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952).  A district court has "broad discretion in determining whether to stay or dismiss

litigation in order to avoid" duplication. *I.A. Durbin, Inc. v. Jefferson Nat'l Bank*, 793 F.2d 1541, 1551 (11th Cir. 1986).

Although the first-filed rule is most frequently applied to cases pending in different districts, *Collegiate Licensing*, 713 F.3d at 78, it applies with equal force to parallel litigation in the same district and even litigation pending before the same judge. *Figueroa v. The Hertz Corp.*, 2:19-cv-326, ECF No. 50 (M.D. Fla. Aug. 15, 2019) (dismissing second-filed action pending in same district and before same judge as earlier-filed action); *Hartford Steam Boiler Inspection & Ins. Co. v. Menada, Inc.*, No. 1:17-cv-22183, 2017 U.S. Dist. LEXIS 215142, at *14-15 (S.D. Fla. Aug. 2, 2017) (dismissing second-file action pending in same district as earlier-filed action); *Bodywell Nutrition, LLC v. Fortress Sys.*, LLC, 846 F. Supp. 2d 1317, 1326 (S.D. Fla. 2012) (applying first-filed rule to two cases pending in same district before same judge). Allowing two lawsuits with overlapping issues and parties to proceed along separate tracks simply because they are pending before courts in the same district or before the same judge "ignores the . . . rationales for the [first-filed] doctrine, namely, the conservation of judicial resources and promoting the efficient and comprehensive disposition of cases." *Burns v. Cnty. of Nassau*, 337 F. Supp. 3d 210, 213-14 (E.D.N.Y. 2018) (citation and internal quotations omitted); *see Bodywell Nutrition,* 846 F. Supp. 2d at 1326 (noting that "the purpose of the first-

filed rule - to avoid inconsistent verdicts – would be served by . . . applying the first-filed rule" to two cases before the same judge).

When cases in two federal courts have "overlapping issues and parties," the first-filed rule offers "a strong presumption" that the proper forum to resolve the dispute is the first case. *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005). As a result, once the moving party shows that the two cases substantially overlap, the Eleventh Circuit "require[s] that the party objecting to jurisdiction in the first-filed forum carry the burden of proving 'compelling circumstances' to warrant an exception to the first-filed rule." *Manuel*, 430 F.3d at 1135.

## III.  The First-Filed Rule Applies Because the Two Actions Substantially Overlap.

Initially, courts applying the first-filed analysis ask whether the two actions substantially overlap, considering three factors: "(1) the chronology of the two actions; (2) identity of the parties[;] and (3) the similarity of the issues." *Williams v. Bluestem Brands, Inc.*, No. 8:17-cv-1971, 2018 U.S. Dist. LEXIS 98717, at *3 (M.D. Fla. May 30, 2018). "[T]he parties and issues need not be identical" to substantially overlap. *Goldsby v. Ash*, No. 2:09-cv-975, 2010 U.S. Dist. LEXIS 40213, at *2 (M.D. Ala. Apr. 22, 2010) (collecting cases). Instead, courts ask whether the suits "overlap on the substantive issues." *Mann Mfg. v. Hortex, Inc.*, 439 F.2d 403, 408 n.6 (5th Cir. 1971); *see also Oleg Cassini, Inc. v. Serta, Inc.*, No. 11-cv-8751, 2012 U.S. Dist. LEXIS 33875, at *3 (S.D.N.Y. Mar. 13, 2012) (explaining that the "issues need

not be identical, and the named parties need not be entirely the same [if] they represent the same interests").  Here, all three factors weigh in favor of applying the first-filed rule because the cases substantially overlap.

### A.  *Delcham* was filed first.

The first factor – the chronology of the two actions – is satisfied, because *Delcham* was filed on September 14, 2021,[5] whereas this case was filed on September 20, 2021.  (Dkt. 1; *Delcham,* 6:21-cv-01505, ECF No. 1 (M.D. Fla. Sept. 14, 2021)).  The first factor supports application of the first-filed rule even though the re-filed *Delcham* case was filed one week before this case.  *See, e.g., Alioto v. Hoiles*, No. 4:04-cv-1395, 2004 U.S. Dist. LEXIS 21398, at * 14 (N.D. Cal. Oct. 12, 2004) (first factor supported application of first-filed rule where first case was filed one week prior to second case).

### B.  The parties in the two actions are "substantially similar."

GEICO is the sole defendant in both the instant action and in *Delcham.*  In the context of FLSA collective actions, the putative collective action opt-ins, and not the named plaintiffs, are compared.  *See, e.g., Burns v. MLK Express Servs., LLC,*

---

[5] Delcham filed an identical action in this Court almost two months earlier, on July 26, 2021.  *Delcham v. Government Employees Insurance Company d/b/a/ GEICO,* 6:21-cv-01204, ECF No. 1 (M.D. Fla. July 26, 2021).  That action was dismissed, without prejudice, *Id.* at ECF No. 8, after which Delcham refiled his complaint on September 14.  Though not required for the first factor to apply, the July 26 date may also be considered in the Court's analysis.  *See, e.g., Press v. Ambrosetti,* No. 3:19-cv-01397, 2020 U.S. Dist. LEXIS 260951, at *5-6 (D. Or. July 6, 2020) (considering pertinent date that on which previously-dismissed action was filed, as refiled lawsuit was continuation of previously-dismissed action).

No. 2:18-cv-625, 2020 U.S. Dist. LEXIS 67302, at *9 (M.D. Fla. Apr. 16, 2020) (noting that, "[a]s the classes are currently constituted, the collective Plaintiffs are substantially identical" in the two actions); *Cook v. E.I. du Pont de Nemours & Co.,* No. 3:17-cv-00909, 2017 U.S. Dist. LEXIS 122436, at *10 (M.D. Tenn. Aug. 3, 2017) (noting that the "first-to-file rule in a class action suit requires the court to compare the proposed classes, not the named plaintiffs (citations omitted)); *Watson v. Jimmy John's, LLC,* No. 2:15-cv-768, 2015 U.S. Dist. LEXIS 88647, at *7 (S.D. Ohio July 8, 2015) (recognizing that "the first-to-file rule in a class action suit only requires that the Court compare the proposed classes, not the named plaintiffs" (citation omitted)).

The putative collective in the first-filed case includes the entire putative collective in this case. Plaintiffs in the instant action seek notice to Auto Damage Adjusters (under various job titles) who worked for GEICO in Florida since *October 2018*. (Dkt. 33-1, 33-3 & 33-4). Delcham seeks notice to Auto Damage Adjusters (under various job titles) who worked for GEICO in Florida since *September 14, 2018*. *Delcham,* 6:21-cv-01505, ECF Nos. 1 & 13 (M.D. Fla. Sept. 14, 2021 & Oct. 19. 2021)). The complete overlap in the putative collective actions easily satisfies the second factor. *See, e.g., Cook,* 2017 U.S. Dist. LEXIS 122436, at *13-14 (two putative collective actions were "nearly identical," as they identified substantially the same employees, sought to notify the same employees, and the

first-filed putative collective action would include plaintiffs and members of the second-filed putative collective action); *Posadas-Romesberg v. 24 Hour Fitness USA, Inc.*, No. 06-cv-0689, 2006 U.S. Dist. LEXIS 104047, at *9-10 (S.D. Cal. Aug. 28, 2006) (finding substantial overlap between parties in two parallel putative collective actions, as plaintiffs and putative collective action members in second-filed action were subsumed in group of individuals sought to be represented in first-filed action).

### C.      The issues in the two actions are substantially similar.

#### 1.      The claims in the two actions are based on the same set of alleged facts and involve the same issues.

The allegations in this action and *Delcham* are the same - GEICO allegedly failed to pay its adjusters in Florida for all regular and overtime hours worked. Plaintiffs in both cases base their claims for unpaid wages on the same alleged off-the-clock work, including work prior to and after scheduled shifts and during unpaid meal periods.  They also point to the same alleged unlawful employment policies and practices in support of their claims, including pressure from management to meet quotas.

Delcham alleges that he and other adjusters were pressured by GEICO to meet certain daily quotas within their shift or face negative performance feedback and other employment consequences, and that such pressure caused him and other adjusters "to start working while off-the-clock before they are scheduled to

begin their workday and after they are scheduled to end their shift, and during unpaid meal breaks." *Delcham,* 6:21-cv-01505, ECF No. 1 (M.D. Fla. Sept. 14, 2021). As in *Delcham,* Plaintiffs here allege that they and other adjusters were pressured by GEICO to complete their job duties within their shift or face negative performance reviews and other consequences, and thus, they did not record their additional time, although they continued to work after their shifts and during their unpaid meal periods.   (Dkt. 4).

Thus, the issue in both actions is the same - whether GEICO unlawfully failed and continues to fail to pay adjusters for all hours worked.  If both actions are allowed to proceed, this question will be litigated in both cases, likely with many of the same documents and witnesses and potentially with differing results.

2.   Both actions allege violations of the FLSA.

Both Delcham and Plaintiffs seek recovery of alleged unpaid wages under the FLSA based on the same factual allegations and on behalf of the same adjusters. The first-filed rule is regularly invoked in cases such as this to streamline duplicative collective actions.  *See, e.g., Copello v. Boehringer Ingelheim Pharms. Inc.,* 812 F. Supp. 2d 886, 888–90 (N.D. Ill. 2011) (dismissal of plaintiff's duplicative collective action claim will "advance, not detract from, wise judicial administration"); *see also LaFleur v. Dollar Tree Stores, Inc.,* No. 2:12-cv-00363, 2012 U.S. Dist. LEXIS 143514, at *24 (E.D. Va. Oct. 2, 2012) (dismissing duplicative FLSA

collective allegations).  "[T]he first-to-file rule is particularly appropriate in the context of competing FLSA collective actions, which threaten to present overlapping classes, multiple attempts at certification in two different courts, and complicated settlement negotiations." *Ortiz v. Panera Bread Co.*, No. 1:10-cv-1424, 2011 U.S. Dist. LEXIS 85463, at *4–5 (E.D. Va. Aug. 2, 2011); *see also Akins v. Worley Catastrophe Response, LLC*, 921 F. Supp. 2d 593, 600 (E.D. La. 2013) ("[N]o purpose would be served by allowing two collective actions based on the same claims to proceed concurrently, with the attendant increased expense for defendants, the risk of confusing the group members about their legal options, the possibility of inconsistent rulings by two courts and the waste of judicial resources.").  Courts have found that ruling on virtually any issue in a subsequently-filed, substantially overlapping FLSA collective action, "such as the viability of the FLSA claims, how notice is disseminated to the class, or whether the collective action class will be certified beyond the conditional approval," "would cause havoc for the parties and for the state of the law."  *Alvarez v. Gold Belt, LLC*, No. 08-4871, 2011 U.S. Dist. LEXIS 38034, at *4–5 (D.N.J. Apr. 7, 2011).

*Burns v. MLK Express Servs., LLC* demonstrates how federal courts have used the first-filed rule to address a duplicative FLSA collective action.  2020 U.S. Dist. LEXIS 67302.  Similar to this action, *Burns* involved a putative FLSA collective action filed in this District which duplicated an earlier-filed action also filed in this

District.  *Id.,* at *1-2.  The court in the second-filed action dismissed the second-filed case without prejudice under the first-filed rule, finding that the cases "substantially overlap and seek to certify the same class of drivers for the same FLSA violations."  *Id.* at *13.  The court indicated that it was "persuaded there should be only one collective action.  Otherwise, the efficiencies afforded to employees by the FLSA could be lost."  *Id.,* at * 13-14; *see also Castillo v. Taco Bell of Am., LLC,* 960 F. Supp. 2d 401 (E.D.N.Y. 2013*)* (dismissing FLSA collective claims in later-filed action, finding that they were so substantially similar that dismissal was required).  The court's focus on efficiency would also apply if conditional certification was denied in the first-filed action because that decision, covering substantially the same putative class, would almost certainly have persuasive impact on the second-filed case's analysis of the certification issue.  As explained below, the same principles and considerations that required dismissal of the collective allegations in *Burns* require dismissal of the collective (and class) action allegations here.

3.  <u>Plaintiffs' inclusion of state law claims based on the same theory and alleged facts does not alter the analysis.</u>

The fact that Plaintiffs also assert state law causes of action, which they seek to pursue as a Rule 23 class action, does not alter the analysis.  For a start, because Florida has no overtime law, the state law claims are largely derivative of the FLSA claims.  And even if the state law claims had some independent viability, which

would be marginal (*i.e.*, only weeks where plaintiffs agree they did not work overtime), courts have applied the first-filed rule to dismiss a later-filed action even when such action contained state law claims not present in the first-filed action.  For example, in *Posadas-Romesberg v. 24 Hour Fitness USA, Inc.*, the first-filed action asserted only putative collective action claims under the FLSA for unpaid minimum wages and overtime compensation on behalf of instructors. *Posadas-Romesberg*, 2006 U.S. Dist. LEXIS 104047, at *1-2.  The second-filed action asserted claims for regular, premium, and overtime wages under the FLSA and California state law, and plaintiffs sought to pursue their FLSA claims as a collective action and their state law claims as a Rule 23 class action on behalf of instructors.  *Id.*, at *5-7.

The court applied the first-filed rule and dismissed the later-filed action, even though such action included numerous state law causes of action not found in the first-filed action.  *Id.*, at *11-12.  In doing so, the court reasoned that "what matters is the similarity of the underlying complained-of conduct as between the earlier and latter-filed cases," and thus, "the advancement of differing legal theories is not a bar to the first-filed rule's application."  *Id.*, at *11-12.  The court further explained that, despite some differences in the underlying causes of action:

> [T]here is "substantial overlap" between the underlying issues in the two cases: whether the plaintiffs are nonexempt employees; whether Defendant failed to properly keep records with respect to their wages and hours; whether Defendant failed to properly compensate them

for all hours worked; if not, whether Defendant's failure to do so was wilful; and whether the arbitration agreement is binding and enforceable. Although the precise legal issues and their factual predicates may not be strictly identical as between the two cases, the Court finds that there is substantial overlap such that application of the first-to-file rule is appropriate.

*Posadas-Romesberg,* 2006 U.S. Dist. LEXIS 104047, at *16.

As an additional example, in *Walker v. Progressive Cas. Ins. Co.,* plaintiffs in the first-filed action asserted putative collective action claims under the FLSA for unpaid overtime wages on behalf of insurance adjusters. No. C03-656R, 2003 U.S. Dist. LEXIS 7871, at *1-2 (W.D. Wash. May 9, 2003). The later-filed action sought overtime wages on behalf of the same insurance adjusters, but only under Washington state law. *Id.,* at *3. Despite the later-filed action not sharing the same causes of action at all, the court dismissed the later-filed action under the first-filed rule, concluding that the earlier-filed action "involved substantially similar parties and claims." *Id.,* at *10. The court reasoned:

> [S]light differences in the claims asserted do not prevent application of the rule where the underlying complained-of conduct is almost identical.
>
> Both *Camp* and the instant case allege that Progressive failed to compensate its claims adjusters for overtime pay and both seek compensation for that alleged injury. The legal issue in both cases is whether Progressive's claims adjusters are employed in a bona fide administrative capacity and are therefore exempt from overtime pay.

*Id.,* at *7-8 (citations omitted); *see also Tate-Small v. Saks Inc.,* No. 12-cv-1008, 2012 U.S. Dist. LEXIS 76081, at *10 (S.D.N.Y. May 31, 2012) (concluding that, although

two parallel actions asserting claims under the FLSA also involved claims under differing states' laws, the FLSA collective actions were identical and "render these cases substantially similar"); *Fisher v. Rite Aid Corp.*, No. RDB-09-1909, 2010 U.S. Dist. LEXIS 56383, at *7-10 (D. Md. June 8, 2010) (dismissing later-filed action based on first-filed rule even though later-filed action asserted class action claims only under state law and first-filed action asserted only FLSA collective action claims).

The same result should inure here because the underlying complained-of conduct is the same in *Delcham* and the instant case.  Accordingly, despite the state law claims asserted by Plaintiffs in this case, the cases remain substantially similar.

## IV.   Dismissal of Plaintiff's Collective and Class Allegations Is the Appropriate Remedy.

Dismissal of Plaintiffs' collective and class allegations is the most judicious means of solving the problems that this later-filed action creates.  Consistent with district courts' broad discretion, a court disposing of a second-filed, substantially overlapping action has a menu of options, including dismissal, stay, or transfer. *See Collegiate Licensing Co.*, 713 F.3d at 78.  When determining whether to dismiss a second-filed action, courts weigh practical considerations such as promoting judicial economy.

### A.   Dismissal is the appropriate remedy when substantially overlapping cases are pending in the same district.

When duplicative litigation is pending in the same district, as is the case here, the appropriate remedy is dismissal of the second-filed action. *See Figueroa*, 2:19-cv-326, ECF No. 50 (dismissing second-filed action pending in same district and before same judge as earlier-filed action); *Hartford Steam Boiler Inspection & Ins. Co. v. Menada, Inc.*, No. 1:17-cv-22183, 2017 U.S. Dist. LEXIS 215142, at *14 (S.D. Fla. Aug. 2, 2017) (citation omitted); *Hecker v. Petco Animal Supplies, Inc.*, No. 16-C-10857, 2017 U.S. Dist. LEXIS 87016, at *7 (N.D. Ill. Jun. 7, 2017) (noting that the Seventh Circuit has suggested "that dismissal is a proper course of action for a district court to take in applying the first-to-file rule to duplicative actions, **at least where the actions are filed within the same district**") (emphasis added)); *Blackwell*, 2018 U.S. Dist. LEXIS 177788, at *4–5 (dismissing the second-filed action and noting that "the first to file rule applies even where both actions are pending in the same district").

**B.** **Dismissing the collective and class allegations will promote judicial economy**.

Dismissal will promote judicial economy because it will avoid duplicative motions, hearings, and rulings on the collective action issues at a minimum. *See W. Gulf Mar. Ass'n. v. ILA Deep Sea Local 24, etc.,* 751 F.2d 721, 729 (5th Cir. 1985) (holding that a district court may dismiss a second-filed action "to avoid . . . duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result"). Courts

have recognized that the need for judicial economy is particularly pronounced in FLSA collective actions. *LaFleur*, 2012 U.S. Dist. LEXIS 143514, at *24 ("To permit FLSA claims to proceed in this case . . . would be duplicative and wasteful and would directly contravene the spirit and intent of the 'first to file' rule, particularly with respect to FLSA collective actions."); *Thomas v. Apple-Metro, Inc.*, No. 14-CV-4120, 2015 U.S. Dist. LEXIS 14574, at *13 (S.D.N.Y. Feb. 5, 2015) (concerns for "judicial economy and fairness to all parties require[d] dismissal" of the plaintiff's collective allegations). Dismissal of the collective and corresponding class action allegations in this duplicative, second-filed case serves judicial economy and is warranted here.

### C.   If notice is issued, it should not be issued twice.

Another reason to dismiss is to avoid any risk of second notice to putative collective action members. GEICO disputes that notice should issue at all in either case, because the cases will be unmanageable as collective or class actions given the inherently individualized inquiries necessary to evaluate the claims of off-the-clock work. Nevertheless, if this action proceeds with its collective action allegations intact, one of the most salient consequences will be the potential for duplicative notice to issue to potential collective members. Issuing duplicative notice would not only create a procedural quagmire—creating confusion and judicial waste—but "would also frustrate the underlying rationale for using the

collective action mechanism." *Medina v. Bros. Behrman Hwy., Inc.*, No. 13-4831, 2015 U.S. Dist. LEXIS 80874, at *9–10 (E.D. La. June 12, 2015) (quotations omitted). In recognition of the chaos that issuing duplicative notice threatens, courts have consistently held that it is inappropriate to issue notice to the same people twice. For example, in *Neff v. Flowers Foods, Inc.*, the court declined to issue notice to individuals who were already the subject of an identical action, stating that "there is no good reason for sending overlapping notices inviting the same people to join two lawsuits." No. 5:15-cv-254, 2016 U.S. Dist. LEXIS 183025, at *12 (D. Vt. Nov. 7, 2016). Similarly, in *Castillo*, the court recognized that "[d]efendants should not be required to send a second class notice to individuals who have already received such notice . . . it is precisely such concerns that have led courts here and in other jurisdictions to dismiss or transfer second filed FLSA actions in favor of an earlier filed similar action." 960 F. Supp. 2d at 405. That risk of chaos can only be more acute here, where the potential second notice would be to advise the individual receiving it that he or she needs to decide whether to opt in to a case making the same claim and pending in the same court.

## D.   Other remedies are ineffective.

Dismissal of the collective and class allegations is the only meaningful remedy available. For example, consolidation with *Delcham* without dismissing this case's collective action allegations would undermine judicial economy. The

Supreme Court has explained that "consolidation is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." *Hall v. Hall*, 138 S. Ct. 1118, 1127 (2018) (citation omitted). Thus, if the Court simply consolidates the cases without dismissing the collective action allegations in this one, it will not have achieved the judicial economies that such consolidation might otherwise permit if this case was limited to the individual claims. In fact, consolidation would continue the risks to judicial economy that exist now.

In *Manning v. Goldbelt Falcon, LLC*, the court rejected consolidation, noting that it would "create the possibility of two separate actions both requesting collective action certification, defeating the purpose behind such collective actions: judicial economy." 08-3427, ECF No. 38 (D.N.J. Jan. 14, 2010); *see also Alvarez*, 2011 U.S. Dist. LEXIS 38034, at *4–5 (declining to consolidate the substantially overlapping cases pursuant to the first-filed rule and stating, "[t]his Court never contemplated the maintenance of two identical collective actions"). The Court here should reach the same conclusion.

Aside from dismissal, the only potentially viable option is to stay this action pending resolution of *Delcham*. But a stay "would not foster the guiding principle of judicial economy and fairness that courts must rely upon in determining

whether, and how, to apply the first-filed rule." *Thomas*, 2015 U.S. Dist. LEXIS 14574, at *13. Staying this action and "[r]etaining jurisdiction of the collective action claims would require the Court to reexamine, albeit at a later date, many of the same issues to be decided in the [first-filed] action[]." *Id.* at *13–14. A stay, in other words, will only prolong the resolution of this duplicative case, and the Court should dismiss the collective and class action allegations in this case.

**V.     No Compelling Circumstances Exist to Warrant Departure From the First-Filed Rule.**

A party can only avoid application of the first-filed rule by demonstrating "compelling circumstances." *Mann Mfg.*, 439 F.2d at 407. No compelling circumstances exist here.

That two individuals have opted-in to this action is not a compelling circumstance. This is especially true since those individuals and Plaintiffs can still pursue their individual claims in this case or opt-in to the *Delcham* action. *See LaFleur*, 2012 U.S. Dist. LEXIS 143514, at *24 ("[O]utright dismissal is appropriate as Plaintiffs and any putative collective members can opt-in to the [first-filed] action."); *Castillo*, 960 F. Supp. 2d at 405 (dismissing the second-filed suit and noting that "Plaintiff is free to pursue his individual claim in the context of this lawsuit, or opt-in to become a member of the plaintiff class in" the first-filed lawsuit); *Alvarez*, 2011 U.S. Dist. LEXIS 38034, at *6 ("If the [first-filed] action is certified as a collective action, plaintiff will have the choice to either opt-in, or to

continue with his own action separately.  If the [first-filed] action is not certified, then plaintiff may continue his own action, but not as a collective action, unless he can demonstrate a reason otherwise.").

The fact that Plaintiffs filed their motion for conditional certification prior to Delcham is also not a compelling circumstance.  The motion was only recently filed on January 5 and there has been no significant advancement with respect to the motion.  In addition, the statute of limitations period for all potential opt-in plaintiffs is currently tolled in both this action and *Delcham.*

In short, the opt-in plaintiffs in this case are no worse off as a result of the collective action claims being dismissed, and dismissal of the collective allegations will not jeopardize Plaintiffs' ability to pursue their claims individually or to opt-in to the *Delcham* action.  Likewise, Plaintiffs can continue to pursue their claims under Florida state law individually.[6]  Plaintiffs cannot avoid dismissal of their collective and class action allegations under the first-filed rule.

## CONCLUSION

For the foregoing reasons, GEICO respectfully requests that this Court dismiss Plaintiffs' collective and class action allegations.

---

[6]In the event the Court is not inclined to dismiss the Rule 23 class allegations, in the alternative, GEICO requests that the FLSA collective allegations be dismissed and that the remainder of this action, including the state law class claims, be stayed.

Dated: January 19, 2022                Respectfully submitted,

*/s/ Reed L. Russell*         

Reed L. Russell
Lead Counsel
Florida Bar No. 0184860
**PHELPS DUNBAR LLP**
100 South Ashley Drive, Suite 2000
Tampa, Florida 33602-5315
T: 813-472-7550
F: 813-472-7570
reed.russell@phelps.com

and

Eric Hemmendinger *Pro Hac Vice*)
Teresa D. Teare *(Pro Hac Vice*)
SHAWE & ROSENTHAL LLP
One South Street, Suite 1800
Baltimore, Maryland 21202
T: (410) 752-1040
F: (410) 752-8861
eh@shawe.com
teare@shawe.com

*Attorneys for Defendant Government*
*Employees Insurance Company, Inc. d/b/a*
*GEICO*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 19, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

*/s/ Reed L. Russell*
*Attorney for Defendant*
