UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RYAN ZAMBITO, HAROLD
DELCHAM, AMANDA WORRELL,
MELISSA THRASHER, GEOVANNI
GRANDA, JOSEPH PATRICK
FREEMAN, RICHARD ORTIZ,
CLAUDIE WILLIAMS, PATRICK
JOSEPH FREEMAN, GILBERTO
ROSARIO, BRITTNEY WINDHAM,
SCOTT EDWARD NEVIN, EDWIN
VAZQUEZ, JOSEPH ANTHONY,
BRIAN WILLIAM CHARPIAT, SR. ,
HELEN TURNER THURMAN,
JAMES LAMAR WATSON, JR. ,
JUAN C. TORRES, JUSTIN LEWIS,
MARTHA AYALA, NIKO TURREY,
PATRICK ROBERT SULLIVAN,
SAVANAH LYNNE MELTON,
TREVOR HUSSAK, CARLOS
CARRILLO, LEO SYLVESTER
KASPER, KRISTINA OCHSENBEIN,
BRIAN FITZPATRICK, WILLIAM
DAVID CURRAN, NATALIA
CRISTINA DEVARONA, YANIECE
DEERIKA LISTON, JUSTIN
MICHAEL BURKMAN, VALERIA
DEL ROSARIO SALVO, ELADIO A
HERNANDEZ, JR. , JOSHUA
HIEBERT, DYLAN DANIEL
ELLSWORTH LOWTHER,
STEWART MCVAY DAWSON,
CHRISTALYN ADDISON, ERIK
ORTIZ, JEFFREY RANDOLPH
GARCIA, TIMOTHY ROY
NICHOLS, DARREN JOHN
DURYEA, ENRIQUE D BARRIO,
JOSHUA MATTHEW
RICHARDSON, KARL JOHN SINK,
KENDRA MOREAU, DAVID C

- 1 -

PATRICK, ADAM SHIPTON,
DANIEL CAMPBELL, DENNIS
TAMISIN, BRUCE W. FENTON, JR.
and BRAYAN OSORIO LOPEZ,

      **Plaintiffs,**

v.                                **Case No: 8:21-cv-2223-MSS-SPF**

GOVERNMENT EMPLOYEES
INSURANCE COMPANY,

      **Defendant.**

_____

## ORDER

This matter comes before the Court on the Parties' Joint Motion to Approve Fair Labor Standards Act Settlement. (Dkt. 121) The parties state that plaintiff's claims were "resolved without compromise." The Parties request that the Court approve the settlement of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, claims and dismiss this case with prejudice. (Id.)

An FLSA claim can be settled and resolved in one of two ways. First, an employee may settle and waive an FLSA claim if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. 29 U.S.C. § 216(c); Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982). Alternatively, an employee may settle and waive an FLSA claim if the parties file a proposed settlement agreement with a district court, and the district court enters a judgment approving the settlement. Lynn's Food Stores, Inc., 679 F.2d at 1353. To approve the settlement, the district court must determine whether the settlement

agreement is a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues. Id. at 1354-55.

Plaintiffs Ryan Zambito, Robert McDaniel, Samuel French, Donald Vaughn, Harold Delcham, Amanda Worrell, Melissa Thrasher, and Rusty Owen (collectively, "Plaintiffs") were hired to work for Government Employees Insurance Company ("GEICO") as Region 6 Adjusters. (Dkt. 66 at ¶ 17) Plaintiffs commenced this action against Defendant for allegedly violating the FLSA when Defendant failed to pay them overtime, minimum, and unpaid wages. (Id. at 2) Defendant denies these allegations. (Dkt. 71) Now, the Parties represent that they have reached an agreement to resolve the dispute. (Dkts. 120 & 121)

Because this motion is the result of a global settlement, the Court addresses only the settlement as to the Plaintiffs in the above-captioned matter. In exchange for, inter alia, a release from all liability, Defendant has agreed to pay to Plaintiffs and their Counsel, a Settlement Sum of $256,877, which accounts for: (a) $195,000.00 to Plaintiffs and split between two checks – one check for their individual unpaid wages, subject to all taxes and other withholding requirements imposed by law, and one check for liquidated damages; and (b) $61,877.00 to Zipin, Amster & Greenberg, LLC for attorneys' fees and costs. Plaintiff Zambito's individual recovery includes an additional $5,000.00 in exchange for the execution of a broader general release. (Dkt. 121 at 6) The settlement sum is to be paid according to the disbursement plan outlined in paragraph 1 of the Settlement Agreement. (Dkt. 121-1 at 1-2) The Parties represent that the Settlement Agreement reflects a fair and reasonable compromise of the

disputed claims, especially considering the complexity of the case, the defenses raised, costs of litigation, and the uncertainty of trial. (Dkt. 121 at 4-8) The Parties further advise that they negotiated the attorneys' fees figure separate and apart from the amount paid to the Plaintiffs. (Id. at 7)

Upon review of the Settlement Agreement, the Court finds that the Parties' Settlement Agreement is fair and reasonable. The Court's approval of this Settlement Agreement in no way alters any party's obligation to pay or withhold appropriate sums for tax purposes in accordance with the requirements of the Internal Revenue Code.

Accordingly, it is hereby **ORDERED** that:

1.    The Parties' Joint Motion to Approve Fair Labor Standards Act Settlement, (Dkt. 121), is **GRANTED**.

2.    The Settlement Agreement (Dkt. 121-1) is **APPROVED** and shall **GOVERN** the parties' conduct in settlement of this civil action.

3.    Defendant shall disburse the settlement Sum, including attorney's fees and costs, as set forth herein and in paragraph 1 of the Parties' Settlement Agreement.

4.    This case is **DISMISSED WITH PREJUDICE**. Each party shall bear its own legal fees and costs, except as specified in the Parties' Settlement Agreement. **No retainer agreement between the Plaintiffs and counsel shall override or alter the amount of settlement proceeds due to the Plaintiffs in accordance with the terms of the settlement agreement as**

- 4 -

**approved by this Order. Counsel shall provide a copy of this order to their respective clients.**

5.      The Court finds that the additional $5,000.00 payment to Plaintiff Ryan Zambito does not constitute a service award because it was negotiated apart from the overall settlement and was given in exchange for Zambito's execution of a more general release.

6.      The **CLERK** is directed to **TERMINATE** any pending motions and **CLOSE** this case.

**DONE** and **ORDERED** at Tampa, Florida this 26th day of July 2023.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Party